In the Matter of ABRAHAM M. FISCH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 6, 1945.

*S. C. Lewis* of counsel (*Einar Chrystie*, attorney), for petitioner.

*John R. Davies* for respondent.

*Per Curiam.* The respondent is charged with professional misconduct because of an arrangement making " solicitation inevitable ", which he made with Local 333 of the International Longshoremen's Association, a labor union.

In July, 1934, the respondent was retained by Local 333 as its attorney. The constitution of Local 333 provided that the secretary shall " advise and counsel members * * * in cases of injury that may occur while employed in the marine industry ". It is admitted that for a number of years the secretary of the Union, one Louis Ziegler, was accompanied by a representative of the respondent when he called upon injured Union members at their homes or at hospitals. It is not disputed that on many occasions the respondent's representative was an attorney named Sidney Schiffman, whose

conduct is under consideration in a companion proceeding. (*Matter of Schiffman,* 269 App. Div. · 76.) Ziegler, the secretary of the Union, would introduce Schiffman or any other representative of the respondent to the injured man and refer to him as the Union's lawyer. The latter would then give advice to the injured man. No charge was made by the respondent for such advice, but each member of the Union paid $1 a year to the Union for such service. If more than legal advice was desired, the injured man and the respondent entered into a retainer, generally on a contingency basis allowing the respondent between one third and one half of the amount recovered. As a result of · this arrangement, a number of retainers were procured by the respondent on behalf of members of the local.

The Official Referee has reported:

" The only question to be decided upon the undisputed facts is, was the manner in which the respondent became attorney for * * * injured members of Local 333 the result of solicitations made inevitable by his arrangement with the local in accompanying or having Schiffman accompany Ziegler to visit an injured member. There cannot be the least doubt that the question must be answered in the affirmative. * * *.

" By this arrangement Fisch, through Schiffman, was able to approach an injured member first, and while informing him of his legal rights, easily induce him as a part of his legal rights, to consent to commence an action to recover damages and place himself in the hands of the accredited attorney of the union to enforce those legal rights, and when the testimony * * * is considered, it appears that the charge made has been fully established; namely, that Schiffman was placed in a peculiarly advantageous position for the solicitation of cases from injured members who, under the influence of pain or opiates might be susceptible to the slightest suggestion made to them by persons on whom they felt they had a right to rely.

" Informing a seriously injured person in a hospital of his legal rights, which would necessarily include his right to maintain an action to recover damages, if one exists, awakens him to action, and suggesting to him to take the step — all coinciding with his informant's hint that he is the attorney for the union and is the attorney best qualified to be employed — requires very little effort. The particularly favorable position of the respondent as attorney for the union, and the opportunity given him of being persona grata to the injured person, makes solicitation in the manner above indicated inevitable."

After the petition charging the respondent with professional misconduct had been served upon him, the respondent wrote a letter to the Grievance Committee of the Association of the Bar of the City of New York, the petitioner herein, stating that he was terminating his relationship of attorney and client with Local 333 of the International Longshoremen's Association and its members. Thereafter, and while the hearings were in progress before the Official Referee, and at the suggestion of the latter, the respondent wrote another letter to the Union in which he stated that it would not be possible for him " to handle any of the legal business of the members." of the local.

In view of the fact that the respondent has discontinued the improper practices engaged in by him, this court is of the opinion that a censure is sufficient punishment.

The respondent should be censured.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Respondent censured.