In the Matter of SIDNEY SCHIFFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 6, 1945.

S. C. Lewis of counsel (Einar Chrystie, attorney), for petitioner.

John R. Davies for respondent.

Per Curiam. Two charges of professional misconduct have been preferred against the respondent.

The first charge arises out of his employment by Abraham M. Fisch, an attorney. The charge reads in part as follows: "* * * The respondent, who has been associated with Fisch during the past five years, assists and participates in this practice of Fisch in furnishing free legal advice. In return for this free service the union and its locals, through their delegates and officers, often refer the members to the respondent as the representative of Fisch, when they are in need of an attorney for any purpose. The respondent is thus given an opportunity to solicit legal business of all kinds for Fisch's benefit under the guise of an attorney recommended by the union, and in this way has obtained much legal business for Fisch including personal injury cases."

There is practically no dispute as to the evidence introduced in support of this charge. The Official Referee has reported as follows: "This charge has been sustained in that the respondent obtained for his employer, Abraham M. Fisch, under circumstances which made solicitation of such retainer inevitable, a retainer from one Larry Lawrence while he was confined in a hospital in a seriously injured condition, and that Schiffman was employed by Fisch to render similar service in other tort cases."

The second charge is that, without the knowledge or consent of one Larry Lawrence, a seriously injured seaman, the respondent caused a cross mark to be placed upon a retainer of Fisch as attorney for Lawrence and on a copy of an authorization to obtain a police blotter. As a result of the alleged forgery of Lawrence's cross mark, Fisch served a summons and complaint in an action on behalf of Lawrence, and Fisch thereafter sought to impress a lien on the proceeds of a settlement obtained by Lawrence of his claim arising out of the injury sustained by him. Fisch's application was denied in the Federal court and such decision was affirmed by the Circuit Court of Appeals.

On the hearings before the Official Referee on the second charge evidence was introduced by the petitioner, the Association of the Bar of the City of New York, that it was physically impossible for Lawrence to have placed the cross marks on the retainer and authorization as contended by the respondent. On the other hand, the respondent introduced considerable testimony that Lawrence not only made the cross marks in question but thereafter made admissions to disinterested persons that he had retained Fisch as his attorney. The record thus presented a serious conflict of testimony. In connection with this charge, the Official Referee has reported: "In these circumstances it

cannot be said that the petitioner has established the charge by that fair preponderance of credible evidence required in a disciplinary proceeding, * * *."

In view of the contradictory testimony in the record, the court is of opinion that the report of the Official Referee should be sustained and the charge dismissed.

In *Matter of Fisch* (269 App. Div. 74, decided herewith), the court has found the respondent therein guilty of professional misconduct, as charged, because of an arrangement with a labor union, which made solicitation of cases inevitable. Fisch had discontinued the practice while the proceedings were pending, and the court concluded that a censure would be sufficient punishment. The court, therefore, is of the opinion that this respondent, an employee of Fisch, should also be censured for his part in the practices complained of by the Association of the Bar of the City of New York.

The respondent should be censured because of his misconduct as alleged in the first charge referred to herein. The second charge should be dismissed.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Respondent censured because of his misconduct as alleged in the first charge referred to. The second charge is dismissed.